W. SHARP, J.,
dissenting.
I respectfully dissent. In my view, there was no competent substantial evidence to support the trial court’s finding that the “consulting fee” payments required of the Scotts by Cadden and his management company were not usurious. The “legitimate” interest payments required were $600.00 per month (18 percent of the principal amount loaned). The additional $800.00 per month payments for “consulting fees” as a retainer, pursuant to a consulting contract entered into at the time of the loan, would clearly have made the transaction usurious, had the consulting contract not been a legitimate, *405 separate agreement. The evidence suggests three incidents of consulting work done for the Scotts in 1989, and eighteen in 1990, but nothing in the record explains a rational basis for the amounts paid for such services; and nothing in the record explains why the Scotts were required to continue to pay that amount per month, long after the two-year consulting contract had expired. In my view, the circumstances as a whole, without regard to disputed testimony, establish usury and intent to charge the Scotts an unlawful rate of interest. See Antonelli v. Neumann, 537 So.2d 1027 (Fla. 3d DCA 1988).